UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GUTIERREZ CORNEJO,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*<br>Respondents. | Case No. 1:26-cv-06369 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Jose Luis Gutierrez Cornejo filed a petition for writ a habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from custody. *See* Dkt. No. 1 at 17. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that his continued detention is a violation of his due process rights under the Fifth Amendment. For the reasons that follow, the Court grants the petition in part, and orders Respondents to provide Petitioner with a renewed bond hearing.

## I. BACKGROUND

Petitioner is a native of Mexico who first entered the United States when he was a child. Dkt. No. 1 at 5. In 1995, Petitioner was convicted of violating Cal. Penal Code § 288(a), committing lewd or lascivious acts on a minor. Dkt. No. 7-1 at 2–3. Following his conviction, he was detained by DHS and then released on a $10,000 bond in 1998. Dkt. No. 8-7 at 2. He was granted a voluntary departure to Mexico by an immigration judge ("IJ") several years later in 2009 and left the United States. Dkt. No. 7-1 at 2. Petitioner re-entered the United States on an

unknown date. It is unclear from the present record whether Petitioner sought further immigration relief following his re-entry into the United States.

Petitioner was convicted for failing to register as a sex offender in April 2025. Dkt. No. 7-2 at 4. After learning of the conviction and Petitioner's location from law enforcement, ICE arrested Petitioner outside his home in July 2026. Dkt. No. 7-1 at 2. That same day, Petitioner was served with an administrative warrant for his arrest and Notice of Custody Determination, through which Petitioner requested a custody redetermination hearing before an immigration judge. *Id*. at 7, 10. Petitioner was further served with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and placing him into removal proceedings. *Id*. at 4.

On August 13, 2026, the immigration court mailed a notice to a "DHS Custodial Officer" stating that Petitioner's custody redetermination hearing was scheduled for August 25, 2026. *See* Dkt. No. 7-3. This notice was allegedly never served on or provided to Petitioner. Petitioner learned that he was scheduled for a custody redetermination hearing on the morning of the hearing. *See* Dkt. No. 8-1 at 2; Dkt. No. 8-3 at 2. Given the late notice, he was unable to obtain counsel or submit any evidence.

At the hearing, the IJ denied bond on a finding that Petitioner was a danger to the community. *See* Dkt. No. 11. In denying release, the IJ produced a written order explaining that "[b]y failing to register" as a sex offender, Petitioner "bypassed critical community safety guardrails …. demonstrate[ing] a current and ongoing disregard for public safety regulations and legal obligations." *Id*. at 1.

## II. DISCUSSION

Both parties appear to accept that Petitioner was lawfully detained under 8 U.S.C. § 1226(a). Respondents oppose relief, arguing (1) that Petitioner received the process he is due under § 1226(a), and (2) that he must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals before seeking relief in habeas. *See* Dkt. No. 7 at 2–3. Petitioner counters, arguing that exhaustion should be excused because the hearing he received

was constitutionally inadequate given that he was not notified of the hearing. *See* Dkt. No. 10-1 at 2–5. He further argues in reply that "nothing in [his] background warrants treatment of him as a danger." *Id.* at 21.

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding of dangerousness, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a

purely legal challenge). While an IJ's discretionary decision to deny bond is not subject to judicial review pursuant to 8 U.S.C. § 1226(e), a district court may review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

"The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 350 (1976) (internal quotations omitted). As another court in this district has explained,

> Because Petitioner did not have notice of … the bond hearing, he did not have the opportunity to prepare and present evidence. As a result, he was deprived of a sufficient opportunity to put forward evidence, undermining the fundamental fairness of his bond hearing and depriving him of due process.

*Hidalgo v. Warde, California Cty. Det. Facility*, No. 1:26-CV-04755-DJC-SCR, 2026 WL 2547030, at *2 (E.D. Cal. Aug. 28, 2026). Here too, Petitioner did not receive notice of the hearing until the day it was scheduled. Indeed, the notice of the hearing was served on a "DHS Custodial Office" and allegedly never given to Petitioner. *See* Dkt. No. 7-3. Given this lack of notice, Petitioner reasonably could not prepare to rebut the assertion that he poses a danger to the community. Failure to provide notice of the hearing thus rendered the hearing constitutionally defective.

"Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases). Here, a renewed hearing is the appropriate remedy. Aside from Respondents' failure to notify Petitioner of his bond hearing, Petitioner has not otherwise alleged that he was denied the process he was entitled to under 8 U.S.C. § 1226(a), or that he was entitled to pre-deprivation process prior to his arrest. *See Romualdo P. M. v. U.S. Att'y Gen.*, No. 1:26-CV-02882-RLP, 2026 WL 2906860, at *2 (E.D. Cal. Sept. 28, 2026) (ordering renewed

hearing where petitioner was prejudiced by lack of notice of the hearing). Providing a renewed hearing with sufficient notice will remedy the harm here.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Respondents shall notify Petitioner of the hearing at least ten (10) days before the hearing is scheduled. Petitioner shall be allowed to have counsel present, and the hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: November 3, 2026

VINCE CHHABRIA
United States District Judge